**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Booker WILLIAMS, Defendant–Appellant.**

No. 00–50414.

D.C. No. CR–99–03383–JM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2001.

Submission deferred Oct. 10, 2002.

Resubmitted May 13, 2002.

Decided May 14, 2002.

Before KOZINSKI and THOMAS, Circuit Judges, and WHYTE,* District Judge.

## MEMORANDUM **

### I

■■■ The district court did not err in denying Williams's suppression motion because the search of the trunk of his car at the Pine Valley checkpoint did not violate the Fourth Amendment. A vehicle attempting to pass through such a checkpoint can be sent on to the secondary inspection area "in the absence of any individualized suspicion." *United States v. Martinez–Fuerte*, 428 U.S. 543, 562, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976); *see also United States v. Barnett*, 935 F.2d 178, 181 (9th Cir.1991). Williams's erratic flight behavior at the secondary inspection area, together with other factors, provided the "minimal showing of suspicion" necessary to justify the dog-sniff. The totality of the circumstances, particularly the "alert" given by the drug dog, gave rise to reasonable suspicion for the search of the trunk. *See United States v. DiCesare*, 765 F.2d 890, 896–97 (9th Cir.1985). Because we find that reasonable suspicion existed to search the trunk of the car after the dog sniff, it is unnecessary to decide whether Williams's consent was valid.

### II

■■ Joinder of the charges against Williams was proper under Fed.R.Crim.P. 8(a), which provides that "[t]wo or more

---

* Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

offenses may be charged in the same indictment ... if the offenses charged ... are of the same or similar character or are based on the same act or transaction." The indictment in this case contains charges that are "the same or similar" in character–namely, two counts of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a). The importation of marijuana charge is similar to the possession charges, and in addition, it is "based on the same act" as one of the possession charges. There was no misjoinder of these charges.

Furthermore, the district court did not abuse its discretion when it denied Williams's motion for severance under Fed.R.Crim.P. 14. In this case, evidence of one crime could have been admitted in a trial on the other charge to show intent, knowledge, or absence of mistake or accident. Fed.R.Evid. 404(b); *see also United States v. Garcia–Orozco,* 997 F.2d 1302, 1304 (9th Cir.1993) (describing admissibility of evidence to show knowledge). "If all of the evidence of the separate count would be admissible upon severance, prejudice is not heightened by joinder." *United States v. Johnson,* 820 F.2d 1065, 1070 (9th Cir.1987). In addition, the evidence against the defendant was overwhelming. *See United States v. VonWillie,* 59 F.3d 922, 930 (9th Cir.1995).

### III

There was no plain error, under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in the imposition of Williams' sentence, even though the jury was not required to determine the drug quantity beyond a reasonable doubt. The sentence for Count One exceeded the statutory maximum to which he would have been exposed absent a finding as to quantity. The quantity of drugs was specifically alleged in the superceding indictment, and was based on direct evidence from government seizures. At trial,

the government introduced without objection evidence as to the drug quantity, including testimony by one of the agents who seized and weighed the marijuana. The defendant presented no contrary evidence; nor did he contest the agent's testimony.

Because the quantity of drugs was alleged in the indictment, proven at trial and unchallenged by the defendant, the *Apprendi* error did not affect the outcome of the proceedings. Thus, no plain error was committed. *United States v. Buckland,* 277 F.3d 1173, 1187 (9th Cir.2002) (en banc), *as amended and superseded by United States v. Buckland,* 289 F.3d 558, ——(9th Cir.2002) (en banc).

AFFIRMED.